# Nashville C. & St. L. Ry. *v.* Woods.

## *Assumpsit.*

(Decided May 20, 1908.  46 South. 561.)

*Contract; Breach; Action For; Proof; Variance.*—Under a contract which provides that defendant was to buy from plaintiff such cross ties as could be procured within a certain territory, recovery could not be had upon evidence which shows that defendant agreed to purchase from plaintiff the ties which plaintiff was to purchase from a designated person, and deliver to defendant, as the same constitutes a variance from the contract relied on.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by John H. Wood against the Nashville, Chattanooga & St. Louis Railway. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

WALKER & SPRAGINS, and STREET & ISBELL, for appellant. No contract of sale is shown.—*Shelley v. Edwards,* 73 Ala. 175; *Butler v. Kemmeran,* 67 Atl. 332. Under the evidence, there can be no recovery on the contract alleged, as there is a fatal variance.

JOHN A. LUSK, for appellee. The court properly overruled the demurrer to the complaint.—1 Chitty's Pleadings, 341; 2. Ib. 239. Where no time is appointed for delivery or payment, these things must be done within a reasonable time.—1 Parsons' Contract, (9th Ed.) p. 579.

TYSON, C. J.—It is conceded by appellant's counsel that the first count of the complaint, as amended, was not subject to the demurrers. But it is insisted that the second count, as amended, was defective, in that it does not allege a readiness and willingness on the part of the

plaintiff to deliver the cross-ties, either at the place or within the time fixed by the contract. We do not think, by any fair construction of the averments of the count, the objection well taken.

Each of the counts seeks a recovery of damages for the breach of an express contract, which is set forth in the first count in this language: "Plaintiff agreed to sell to defendant, and defendant agreed to buy from plaintiff, such cross-ties as he could procure and deliver on the Tennessee river above Guntersville, and not above Caperton's Ferry, within a reasonable time, and pay for same at 38 cents for first-class and 19 cents for second-class each. That said ties were to be delivered on the bank of Tennessee river by plaintiff, and accepted and paid for by defendant on said river," etc. In the second count this contract is described in this language: "That the defendant would accept, buy, and pay for cross-ties from the plaintiff, such cross-ties as he could purchase and deliver on the bank of the Tennessee river, not above Caperton's Ferry, within a reasonable time, and to be delivered on the Tennessee river above Guntersville, and not above Caperton's Ferry, on said river, at 38 cents for first-class ties and 19 cents for second-class ties, in consideration of plaintiff's undertaking to secure, or procure or buy, and deliver such ties to defendant," etc.

The testimony adduced does not in the remotest degee tend to prove the contract as laid in these counts. Indeed, there is no proof whatever that the defendant agreed to buy such cross-ties as the plaintiff could procure and deliver, etc. To the contrary, the contract between the parties, if one was made, was that plaintiff was to purchase the ties belonging to one Houser and to deliver those ties to defendant. Indeed, it is shown beyond cavil by the testimony of plaintiff himself and

all of his witnesses that the contract, which he claims to have made with defendant, was that he should purchase the Houser ties, and that it was the breach of this contract that was relied on by him for his recovery in this case, and not upon the one alleged in the complaint. He does not pretend to have had a contract by which defendant was to buy from him all ties that he could procure or purchase within the limits of the territory named in the complaint. There was clearly a variance between the allegata and the probata. 11 Cent. Dig. § 1740. The fundamental rule is that the judgment shall be " secundum allegata et probata."

It is unnecessary to consider any other assignment of error.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.